HENRY WELSH, Appellant, *v.* JOHN TAYLOR, Respondent.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Easement. Extinguishment.*—An easement, acquired by grant, may be lost by an actual abandonment on non-user for a period less than twenty years.

Reargument of appeal.

*Martin J. Keogh*, for appellant.

*John E. Parsons* and *Samuel Riker*, for respondent.

DANIELS, J—The appeal from the judgment in this action has already been heard and decided by this general term. Welsh *v.* Taylor, 19 N. Y. State Rep. 735. But since that decision was made the case of Snell *v.* Levitt, 110 N. Y. 595, has been published, and by that decision it has been held that an easement acquired by grant may be lost by actual abandonment during a shorter period than that of twenty years. In this action it has been found, as a matter of fact, that the owners of the adjacent property, afterwards conveyed to the plaintiff, had

by their acts manifested an intention to abandon, and did abandon, the right to use the alley over which the existence of the easement was alleged on behalf of the plaintiff as the foundation of his right of action. How far the application of this principle is intended to extend has not been definitely declared in the case last referred to ; but the general proposition has been announced as supported by the law, that an actual abandonment or non-user of the easement for less than twenty years may result in *its* extinguishment; and, following this principle, it was deemed to be necessary to order a reargument of the present appeal. This reargument has taken place, and the determination of the court upon it is that, under this decision of the court of appeals, the judgment in this action should be affirmed, leaving the plaintiff to present the case there, if it can be so far distinguished from the decision there made as to entitle him to maintain this action. The judgment from which the appeal has been taken will accordingly be affirmed.

Van Brunt, P. J., and Brady, J., concur.

NOTE ON "EXTINGUISHMENT OF EASEMENT."

A reservation, in a deed from an ancestor of plaintiff's lessor, of a right to an opening in a division fence, cannot be extinguished by the wrongful act of the grantee. Avery *v.* N. Y. C. & H. R. R. R. Co., 26 N. Y. St. Rep. 279.

No right to rebuild a party wall exists when burned. Heartt *v.* Kruger, 121 N. Y. 386.

An easement may be lost by non-user for less than twenty years. Welsh *v.* Taylor, 54 Hun, 636.

An abandonment of an easement, acted upon, becomes an irrevocable license. Hoch *v.* Man. R'y Co., 59 Hun, 625.

The unity of estate and possession of two pieces of land extinguish the easements; and, whether the subsequent grantee of one piece has them, is to be determined by his conveyance and the situation of the property at that time. Friedlander *v.* D. & H. C. Co., 58 Hun, 605.

The owner of two lots, by conveying one without restriction extinguishes an appurtenant easement in the other, which is not revived by any sub-

sequent conveyance of the latter.   Greenwood *v.* Met. E. R. Co., 58 Super.
482.

An easement acquired by deed cannot be lost by non-user.   Tyler *v.*
Cooper, 47 Hun, 94; White's Bank *v.* Nichols, 64 N. Y. 74; Wiggins *v.*
McCleary, 44 Id. 346; Smyles *v.* Hastings, 22 Id. 217.   This rule, in the case
first above cited, was applied to a case where the non-user was for less
than twenty years, and the owner had done nothing inducing parties, sub-
sequently acquiring title to the servient premises, to believe that they
were free from the easement.   But such an easement may be lost by
deliberate effective abandonment.   Snell *v.* Levitt, 110 N. Y. 595.   Non-
user for twenty years, under circumstances evincing an intent to abandon
it, may amount to an abandonment.   Id.

An easement may be lost by adverse possession, if the owner or pos-
sessor of the servient estate claims to own it free from the private right of
another, and excludes the owner of the easement, who acquiesces in the ex-
clusion, from the enjoyment of it for twenty years.   Woodruff *v.* Paddock,
130 N. Y. 618.   An abutting owner's private rights, in a public street may
be lost in case their existence is denied, and they are exclusively possessed
for more than twenty years by one who claims to own the fee of the street
as against the world.   Id.

Where abutting owners, who enjoy equally the right of an intervening
private lane, erect a fence in the center and thus inclose each his propor-
tionate share thereof, it constitutes an abandonment of the lane.   Hennessy
*v.* Murdock, 63 Hun, 625.   The right to the use of the lane cannot be
revived by any subsequent owner of the abutting premises.   Id.; Snell *v.*
Levitt, 110 N. Y. 595; Crain *v.* Fox, 16 Barb. 184; Corning *v.* Gould, 16
Wend. 531.