Price et al. v. Stratton—Syllabus.

| 45 | 535 |
| j47 | 337 |
| 48 | 278 |
| 49 | 300 |
| 45 | 535 |
| 51 | 512 |
| 45 | 535 |
| 53 | 1034 |
| 45 | 535 |
| f59 | 609 |

ALBERT W. PRICE ET AL., APPELLANTS, VS. HARRISON D. STRATTON, APPELLEE.

1. When the owner of a tract of land makes a town plat thereof, laying the same out into blocks and lots, with intervening streets clearly indicated upon the plat separating the blocks, and conveys lots with reference to such plat, he thereby evinces an intention to dedicate the streets to public use as such, and his grantees, as against him and those claiming under him, acquire the right to have such streets kept open. This constitutes a complete dedication, and the streets can not be closed up or obstructed unless in pursuance of legal authority.

2. The rule laid down in Hagan v. Ellis, 39 Fla. 463, 22 South. Rep. 727 (2nd headnote), that "if one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person," is approved, but this rule applies only where the title is not equally open to the parties, and in favor of one who would be misled by want of notice of the adverse right.

3 It is essential to the application of the doctrine that the party claiming the estoppel must have been not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowl-

edge. Where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there is no estoppel.

4. A cross-bill may set up additional facts, not alleged in the original bill, but relating to the same subject-matter, and pray for affirmative relief in respect thereto.

5. There is a well defined distinction between a cross-bill merely defensive in character, and one seeking affirmative relief. The dismissal of the original bill carries with it a cross-bill of the former character, but not of the latter, and the great weight of authority is to the effect that in a cross-bill of the latter character a new party may be added, whose presence is essential to a complete determination of the matter in litigation.

6. Where the original bill seeks to enjoin defendants from moving their fence to the true boundary line of their premises, four and a half feet east of its location, claiming that such removal would obstruct a lane, which was alleged to have been used as a public highway for a long period of time, and defendants have filed an answer thereto denying that they had obstructed or attempted to obstruct a public lane, asserting that they had a right to set their fence at the true boundary line of their premises, the same being the western boundary line of a street as delineated on a plat of record by reference to which defendants bought their lot, and averring therein that complainant with full knowledge of the rights of defendants had erected his ice factory in the street, as shown on said plat, and had obstructed said street and was continuing to do so, a cross-bill filed by defendants setting up said facts and seeking therein to enjoin complainant from continuing to obstruct said street, was not open to attack by demurrer on the grounds that it was wanting in equity and that the subject-matter was not germane to the subject-matter of the original bill.

7. The whole controversy in this case related to the existence and locality of a public way, the complainant contending that it was a lane six feet in width, extending as complain-

Price et al. v. Stratton—Statement of Case.

Also.

ants claimed over the true boundary line of defendant's premises, while defendants claimed it was a street sixty feet in width occupied almost in its entirety by buildings of complainant. A party invoking the aid of a court of equity must himself do equity, and, if, as defendants ·claimed, complainant was the real obstructor of the public way, he had no standing to 'invoke equitable aid in his behalf.

8. While the cross-bill was open to attack by demurrer on the ground that F. F. L'Engle was a necessity party thereto, in sustaining the demurrer upon this ground it was error to dismiss the cross-bill without giving the cross-complainants an opportunity to amend by making said L'Engle a party, such an amendment being allowable in a cross-bill of this character.

9. The street sixty feet in .width. as claimed by defendants, was shown on the plat as recorded by said L'Engle in 1866, and the deeds under which complainant and defendants both claimed title contained express reference to the plat and the book and page of its recordation, so that the com-. plainant was charged with full notice of its dedication when he undertook to enter upon its and erect his building thereon.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

*Fleming* & *Fleming,* for Appellants.

*W. B. Young,* for Appellee.

STATEMENT.

On March 10th, 1866, F. F. L'Engle, appellee's lessor, filed and recorded in the office of the clerk of the Circuit Court of .Duval county' a plat of a tract of land then be-

longing to him, in the western suburbs of Jacksonville, called LaVilla. This plat showed the property subdivided into blocks and lots, with streets sixty feet in width separating the various blocks. On March 31st, 1866, L'Engle executed a lease to one Frank Clark of "lot number one in square number eight" by reference to the plat above mentioned for ninety-nine years, at a yearly rental of $10, containing a provision for a conveyance of the property in fee upon payment of $250. Clark went into possession about the time of the execution of the lease to him. L'Engle, introduced as a witness in behalf of appellee, testified that he pointed out to Clark what he supposed to be the east line of the lot, and the latter, as L'Engle had since lately discovered, built his fence almost four and a half feet to the westward of the line pointed out, and the fence had continued to remain there. The fence was built about the latter part of 1866. On April 21st, 1876, L'Engle executed to Adeline Clark, widow of Frank Clark, then deceased, a warranty deed conveying to her in fee the lot leased to her deceased husband, by reference to the same plat above mentioned, and the appellants claim title to the property so conveyed through the said Adeline Clark.

On April 10th, 1875, L'Engle conveyed by warranty deed to Cain Williams the northeast quarter of lot six in block eight, according to the plat above mentioned, lying immediately south of, and contiguous to, the premises leased to Frank Clark, and shown by reference to the plat to extend eastwardly to the same street therein laid off. By a subsequent conveyance, dated July 27th, 1877, this parcel of land was conveyed by Williams to Henry Smith, and on February 18th, 1878, Smith conveyed it to Anthony Dekle; Adeline Clark, then Smith's wife, uniting

in the conveyance and acknowledging the same "for the purpose of relinquishing her right of dower." On January 21st, 1887, Dekle conveyed the same premises to William S. Ware and Nellie Ware, who, in turn conveyed the same on March 31st, 1887, to the appellee, Harrison D. Stratton.

About April 1st, 1884, L'Engle leased to one Claiborne "an irregular tract bounded north by Bay street, east by Canal, south by railroad, west by six foot lane," and the latter went into possession of and occupied the premises so leased. These premises lay to the east of those formerly conveyed by L'Engle to Adeline Clark and Cain Williams, and the "six foot lane" described as the west boundary thereof was a lane extending six feet east of, and parallel to, the fence erected by Frank Clark when he went into possession in 1866 of the premises leased him, and subsequently conveyed to Adeline Clark, his widow. On March 24th, 1885, the appellee, Stratton, purchased Clairborne's rights under this lease and also the improvements made by him on the leased premises. Previously, on March 14th, 1885, L'Engle leased to Stratton "that certain tract or parcel of land in the town of LaVilla, Duval county, Florida, on the south side of Bay street as the same is extended through the town, lying between the said Bay street on the north, the railroad on the south, a lane six feet wide on the west and the canal opened some years since by the party of the first part on the east, having a front of eighty-four feet exclusive of said lane on Bay street and a front on the railroad exclusive of said lane, one hundred and ten feet or thereabouts, the measurements being made by the party of the second part and reported to the party of the first part as correct." This

lease extended to April 1st, 1889.  On July 1st, 1886, another lease was made by L'Engle to Stratton for a term of seventy-nine years, describing the leased premises as follows: "that certain tract or parcel of land in the town of LaVilla, Duval county, Florida, on the south side of Bay street, now occupied by the party of the second part with an ice factory and buildings connected therewith, bounded on the north by Bay street, a distance of eighty-four (84) feet, beginning at a point on the south side of Bay street, three hundred and twenty-one feet east of the east side of Second street in said town of LaVilla,, or six feet from the northeast corner of a certain lot of land conveyed in the year 1876 by the party of the first part hereto, to Adeline Smith, known as a plat of said town, made and recorded in the year 1866 on page 724 of Book M of the county records as lot one of block eight, said deed of conveyance being recorded on page 324 and following, of Book X of said records, on the west by a lane or street six feet wide, extending from Bay street towards the railroad in a southerly direction, a distance of one hundred and seventy-four feet, or to the northern boundary of the right of way granted for railroad purposes by the party of the first part, to William E. Jackson and his associates by deed bearing date in the year 1868, and recorded on page 538 of Book P of the county records.  On the south of said right of way, extending from the eastern side of said lane or street one hundred and ten feet eastward, on the east by a straight line extending from the limit on the east of said south boundary to the limit on the east of said north boundary respectively."

The appellee filed his bill in the court below to enjoin appellants from moving their fence to the true boundary of their premises, four and a half feet east of its location.

since 1866, claiming that such removal would obstruct the lane mentioned; which was alleged to have been used as a public highway for a long period of time.

The appellants answered the bill, denying that they had obstructed or attempted to obstruct a public lane, and asserting that they had the right to set their fence on the true boundary line of their premises, being the western boundary of the street as delineated on the plat filed and recorded by F. F. L'Engle in 1866. The answer further averred the dedication of said street to the public by L'Engle in 1866; that he wrongfully and in violation of appellants' rights made a lease to appellee covering part of said street, and that appellee with full knowledge thereof erected his ice factory in the street, and obstructed the street and had continued so to do.

At the same time appellants filed a cross-bill against appellee, seeking to enjoin him from continuing to obstruct the alleged street.

The cross-bill was demurred to, on the ground that it was wanting in equity, that the subject-matter thereof was not germane to the subject-matter of the original bill, and that F. F. L'Engle was a necessary party thereto. The demurrer was sustained, and the cross-bill dismissed "without prejudice to the right of complainants in crossbill to file an original bill."

Testimony was taken and a decree rendered in favor of appellee making perpetual a temporary injunction theretofore issued, in accordance with the prayer of the bill. Error is alleged in sustaining the demurrer to, and dismissing the cross-bill, an din the rendering of a decree in favor of appellee. The other facts are stated in the opinion.

JAMES F. GLEN, Commissioner, (*after stating the facts*)

The first error assigned is that the court erred in sustaining the demurrer to the cross-bill, and dismissing it.

The cross-bill showed that F. F. L'Engle in 1866, being the owner of a tract of land in LaVilla, "divided the said tract of land into lots, blocks and streets, and on or about March 10th, 1866, had placed upon the public records (of) the said county of Duval a map or plat thereof, showing the same divided into lots, blocks and streets the same being recorded in Book 'M' page 724 of said records;" that L'Engle afterwards made conveyances with reference to said plat, of portions of the property so platted, including one to the predecessor in title of complainants in the cross-bill; that such conveyances, including that to complainants' ancestor, were made prior to the acquisition of any rights by the appellee in and to the property claimed by him under the lease subsequently executed by L'Engle; that the appellee, under said lease, had entered upon a street shown upon said plat, abutting eastwardly on appellants' premises, and erected thereon a building extending fifty-eight feet westward into the street, thereby obstructing and almost wholly closing up the street on the east of appellants' premises. It is clear, therefore, that the cross-bill was not wanting in equity as asserted by the first ground of the demurrer thereto. Where the owner of a tract of land makes a town plat thereof, laying the same out into blocks and lots, with intervening streets clearly indicated upon the plat separating the blocks, and conveys lots with reference to such plat, he thereby evinces an intention to dedicate the streets to public use as such,

and his grantees, as against him and those claiming under him, acquire the right to have such streets kept open. Winter v. Payne, 33 Fla. 470, 15 South. Rep. 211; Porter v. Carpenter, 39 Fla. 14, 21 South. Rep. 788. In the case last cited it is said that this constitutes a complete dedication, and the streets can not be closed up or obstructed unless in pursuance of legal authority; and there are many other authorities to the same effect. Grogran v. Town of Hayward, 4 Fed. Rep. 161; Rowan's Ex'rs. v. Town of Portland, 8 B. Monroe, 232; Moose v. Carson, 104 N. C. 431, 10 S. E. Rep. 689; Meier v. Portland Cable Ry. Co., 16 Oregon, 500, 19 Pac. Rep. 610; White v. Tide Water Oil Co., 50 N. J. Eq. 1, 25 Atl. Rep. 199; Elliott on Roads & Streets, (2nd ed.) sections 114, 118, 120. It may be assumed for the purposes of this case (the most favorable assumption for appellee) that until the public in some proper way accepts a dedication thus indicated, the rights of parties who purchase with reference to a plat are strictly *private* rights, which as against particular purchasers, as distinct from the municipality, might be lost or extinguished by adverse possession, estoppel, ejectment or otherwise, and even on that assumption the cross-bill was not wanting in equity. The contention of counsel for appellee, in support of the demurrer, that appellants are estopped from insisting upon the removal of the buildings from the street, by reason of the fact that they had previously made no objection thereto, is without merit. The rule relied upon as announced in Hagan v. Ellis, 39 Fla. 463, 22 South. Rep. 727, is applicable where one person knowingly, although passively, suffers another to purchase land and expend money thereon, under a mistaken opinion as to the title, without disclosing his claim, and precludes the subsequent assertion of such claim to

the prejudice of a party whom he has passively misled; but the rule applies only where the title is not equally open to the parties, and in favor of one who would be misled by want of notice of the adverse right. It is essential to the application of the doctrine that the party claiming the estoppel must have been not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge. Where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there is no estoppel. Neal v. Gregory, 19 Fla. 356; Brant v. Virginia Coal and Iron Co., 93 U. S. 326; Gray v. Bartlett, 20 Pick. 186; Welch v. Taylor, 50 Hun, 137, 2 N. Y. S. 815; Sims v. City of Frankford, 79 Ind. 446; Mueller v. Kaessmann, 84 Mo. 318, text 329; Park Ass'n. v. Shartzer, 83 Md. 10, 34 Atl. Rep. 536; Simplot v. Chicago, M. & St. P. Ry. Co., 16 Fed. Rep. 350; Bigelow on Estoppel, 594; 3 Washburn on Real Prop. (6th. Am. ed. Sec. 1898.) There was nothing in the cross-bill to bring the case within the scope of this rule. The cross-bill alleged that F. F. L'Engle, on or about March 10th, 1866, recorded the plat in the public records of Duval county, and that the deed to Adeline Clark, conveying lot one in block eight, as shown thereon, was recorded in the records of Duval county on April 24th, 1876, The record of this deed placed appellee upon full notice of the rights of Adeline Clark with respect to the street in controversy, when he undertook to erect his building thereon under the lease from L'Engle in 1885. Tongue's Lessee v. Nutwell, 17 Md. 212; Knouff v. Thompson, 16 Pa. St. 357; Gardner v. Pierce, 22 Nev. 146, 36 Pac. Rep. 782; Mayo & Jones v. Cartwright, 30 Ark. 407; Staton v. Bryant, 55 Miss. 261; Bigelow on Estoppel, 594. The cross-bill filed June 17th,

1897, did not show an extinguishment of Adeline Clark's right, nor that or her heirs, regarding it as a private one, by adverse possession. It was alleged that she remained a married woman from 1876 until 1891, when her husband died, she surviving him until 1895, and she was therefore within the saving clause of the statute of limitations in force prior to the adoption of the Revised Statutes, until that revision became operative in 1892. Chap. 1869 laws of Florida, acts of 1872, Section 9; McClellan's Dig. 732.

The second and third grounds of demurrer present the question whether the subject-matter of the cross-bill was sufficiently germane to that of the original bill, to require its retention as a cross-bill. A cross-bill may set up additional facts, not alleged in the original bill, but relating to the same subject-matter, and pray for affirmative relief in respect thereto. Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327; Griffin v. Fries, 23 Fla. 173, 2 South. Rep. 266. The original bill was filed to restrain appellants from moving their fence out to the true boundary line of their premises, so as to preserve to appellee a mode of ingress to and egress from his premises. The cross-bill sought to restrain appellee from obstructing a street claimed to exist, which abutted eastwardly on the premises of appellants, and which, if suffered to remain open, would have furnished a suitable way, sixty feet in width, for the use of all owners whose property abutted thereon as well as the public in general. Appellants had previously answered the original bill, denying that the lane therein mentioned was a public highway for whose maintenance the court could coerce them to appropriate a portion of their premises, at the instance of the appellee, and averring, on the contrary, that a public way did exist, but

34 S C

was to the east of the boundary line of their premises, and obstructed by the buildings placed thereon by the appellee. The answer averred that the buildings were wrongfully erected by appellee in violation of defendant's rights, with full knowledge of the dedication of the street, and of the rights of the defendants therein under their deed. The whole controversy related to the existence and locality of a public way, the original complainant contending, on the one hand, that it was a lane six feet in width, extending as appellants claimed, over the true boundary line of their premises; while they, on the other hand, contended that it was a street sixty feet in width occupied almost in its entirety by buildings of appellee. A party invoking the aid of a court of equity must himself do equity, and if, as appellants claimed, appellee was the real obstructor of the public way, he had no standing to invoke equitable aid in his behalf. It does not appear that the grounds of demurrer now under consideration are possessed of merit. Atlanta Mills v. Mason, 120 Mass. 244; Comstock v. Johnson, 46 N. Y. 615. See, also, 5 Ency. Pl. & Pr., 641, 642, and cases there cited; 1 Beach's Eq. Proc. section 433.

The last question presented by the demurrer is that F. F. L'Engle was a necessary party to the cross-bill, and not being a party to the original bill, could not be made a party to the cross-bill. The contention that he was a necessary party seems to be well founded. He was the lessor of defendant in the cross-bill, and the defendant occupied what complainants therein claimed to be a public street under and by virtue of a lease from him for a period of seventy-nine years from July 1st, 1886. A decree enjoining his lessee from the occupation of the street during the remainder of the latter's term would have operated

for such a length of time as to permit the creation of a public easement by prescription, even if none existed before, and in that way might have operated to the prejudice of the owner of the fee, so that he was a necessary party to the suit.  Beasley v. Shively, 20 Oregon, 508, 26 Pac. Re . 850; Lewis v. Tallahassee Hotel Co. 43  Fla.  288, 31 South. Rep. 237.  The court, however, should not have dismissed the cross-bill on that ground without giving the complainants in the cross-bill an oportunity to amend in that respect, if an amendment could properly have been made so as to make F. F. L'Engle a party, and it thus becomes necessary to determine whether or not  such  an amendment was permissible.  There is a well defined distinction between a cross-bill merely defensive in character, and one seeking affirmative relief.  For example, the dismissal of the original bill carries with it a cross-bill of the former character, but not of the latter.  Ballard v. Kennedy su. ia.; Story's Eq. Pl. sec. 399, note a; 1 Dan'ls Ch. Proc. sec. '21 ; 2 Daniell's Ch. Pl. & Pr., 1548 *et seq.*  The great weight of authority is to the effect that in a cross-bill of the latter character a new party may be added, whose presence is essential to a complete determination of the matter in litigation.  Note to Story's Eq. Pl. sec. 399, *supra;* 1 Beach's Eq.  Proc. sec.  436; Brandon Mfg. Co. v. Prime, 14 Blatchf. 371; Mercantile Trust Co. v. Atlantic & P. R.  Co., 70 Fed. Rep.  518; Green v. Stone, 54 N. J. Eq.  387, 34 Atl. Rep.  1099; Haberman v. Kaufer, 60 N. J. Eq. 271, Atl. Rep. ....; Hurd v. Case, 32 Ill. 45;  Pollard v. Wellford, 99 Tenn. 113, 42 S. W. Rep. 23; Hilderbrand v. Beasley, 7 Heisk. 121; Allen v. Tritch, 5 Colo. 222; 5 Ency. Pl. & Pr. 648; Kanawha Lodge No. 25 v. Swann, 37 W. Va. 176, 16 S. E. Rep. 462.

It follows that there was error in dismissing the cross-bill. The appellants should have been given an opportunity to amend by making F. F. L'Engle a party thereto, before their bill was dismissed.

The other assignment of error, that there was error in rendering a decree in appellee's favor, remains to be considered. It follows from what has been said in discussing the demurrer to the cross-bill that if the allegations of defendants' answer, to the effect that complainant, himself, was continuously obstructing substantially the entire street to the east of defendants' premises, are true, complaiant was entitled to no relief in a court of equity without doing equity on his part; and the truth of these allegations is fully established by the evidence. It was undisputed that F. F. L'Engle, appellee's lessor, filed and recorded a plat in the office of the clerk of the Circuit Court of Duval county in 1866, delineating thereon a strip of land sixty feet in width, lying to the east of appellants' premises, as a public street, and that he made subsequent conveyances with reference to that plat, which were placed on record, long prior to the making of the lease to appellee. The recordation of these conveyances, describing the premises embraced therein with reference to the plat, charged all persons deriving rights under L'Engle, subsequently to their recordation, with notice of the plat, even although the recordation of the plat itself may not have done so, as there is express reference both in the deed from L'Engle to Adeline Clark, under which appellants claim, and in the deed from L'Engle to Cain Williams, under which appellee claims the Dekle lot, to the plat and the book and page of its recordation. The deeds from Cain Williams to Henry Smith and from Henry Smith to Anthony Dekle, which are also links in

Price et al. v. Stratton—Opinion of Court.

appellee's chain of title to the Dekle lot, make similar references, and the last mentioned deed was recorded on March 26th, 1878. Appellee acquired no rights in the property claimed by him until 1885, so that he was charged with full notice of the ' dedication of a public street when he undertook to enter upon it in 1885, and erect his buildings thereon. Appellee's evidence established the fact, and the allegations of his bill necessarily admitted, that he was occupying the street with his buildings, and it was by reason of that fact that the necessity arose to keep open the lane extending on the premises of appellants so as to preserve a right of access to the Dekle property, for, if the street had remained open that right would have been fully secured to appellee. Under these circumstances the court was not outhorized to grant him the relief prayed, and the decree in his favor should be reversed. 1 Pomeroy's Eq. Juris. Section 388; Cassady v. Cavenor, 37 Iowa 300; Comstock v. Johnson, supra; 1 Story's Eq. Juris. (13th ed.) Section 64e.

PER CURIAM.

This cause being reached in its regular order on the docket, was heretofore referred by the court to its commissioners for investigation who reported the same for reversal for the reasons stated in the foregoing opinion prepared by Commissioner James F. Glen. After due consideration of the cause upon the abstracts of the record and briefs of counsel by Division A of the court, the said foregoing opinion is hereby adopted and ordered to be filed as the opinion of the court in said cause, and for the reasons stated therein it is hereby ordered and adjudged that the decree of the Circuit Court in said cause be, and

the same is hereby, reversed at the cost of appellee, with directions to enter a decree dismissing the bill of the original complainant in the court below at his cost, and for an order reinstating the cross-bill of the original defendants in the court below, and for an order overruling the demurrer of the complainant below to said cross-bill, and to grant leave to the complainants in said cross-bill to make F. F. L'Engle, or, in case of his decease, his heirs or devisees parties thereto, and for such further proceedings in reference to such cross-bill as may be consonant with equity practice and with this opinion.