**ROBERSON, et al v. MUMAW, et al.**

Circuit Court, Lake County.

October 15, 1951.

J. W. & W. B. Hunter and R. P. Hamlin, all of Tavares, for plaintiffs.

Zera D. Giles, Leesburg, for defendants.

T. G. FUTCH, Circuit Judge.

This controversy involves certain streets, drives and parks shown on a plat filed in the office of the circuit court clerk for this county early in 1926. One P. E. Collins acquired title to lands in section 25, township 18, range 26 east from one L. C. Ferrell and wife Donnie H. Ferrell, which he caused to be surveyed and a plat made showing the property divided into 15 blocks with streets, avenues, circles, drives and parks in the usual manner of subdivisions of that day. The several blocks were subdivided into lots. The plat showed a narrow strip along the water front of the lake between the water and Sylvan Lake Drive designated—"public park and beach." No dimensions are shown as to the width of this "park and beach" but the length of it is shown to extend along the entire lake front of the subdivision. The name shown on the plat is "Donna Vista Park."

Collins, the subdivider, made one or more conveyances *and described them by reference to the plat,* and in October, 1926, reconveyed, not acreage, but as—"all of Donna Vista Subdivision" ("except" certain lots)—to L. C. Ferrell, one of the grantors. Ferrell died and his widow seems to have inherited such parts as had not theretofore been conveyed.

The west side of the park abuts the public road (no. 55) which connects Eustis and Umatilla. Plaintiffs with the exception of Léo Huebner hold title to lots in Donna Vista Park facing the highway. Huebner owns a tract of land abutting Donna Vista Park on the north, and east of Sylvan Lake, and north of and abutting the road which is designated as Sylvan Lake Drive on the plat. His title is derived by mesne conveyance from L. C. Ferrell (the same Ferrell from whom Collins acquired title to Donna Vista Park and to whom Collins reconveyed Donna Vista Park as above stated).

The defendant Shawn obtained title by warranty deed from Donnie H. Ferrell to—"all of blocks 6, 7 and 8 (except lot 1 of block 8), Donna Vista Park." Following this description the deed contained this provision—"the property herein granted to include areas in all parts of streets within said property and also the lake front and area in Sylvan Lake." The deed is dated August 22, 1939, and was recorded September 5, 1939.

The defendant Mumaw obtained title by warranty deed from Donnie H. Ferrell to all of—"lots 1 to 8, both inclusive, of block 15, and all of blocks 10 and 11, *according to the plat of Donna Vista Park."* (Italics added.) Mumaw then conveyed parts of blocks 10 and 11 to Shawn, likewise *"according to the plat of Donna Vista Park."*

There is evidence in the record of a road having been in use for many years along the southern shore of Sylvan Lake at approximately the location of Sylvan Lake Drive as shown on the plat. The surveyor found evidence of traces of clay sufficient for him to chart the route of this road on the plat prepared by him and placed in evidence as plaintiffs' exhibit no. 1. There is also in evidence a letter from L. C. Ferrell to one J. C. Cleveland dated March 24, 1925, relating to a clay road from the Heubner property. On these facts, Huebner bases his right to have Sylvan Lake Drive opened.

When the defendant Shawn obtained the deed from Donnie H. Ferrell dated in August, 1939, conveying all of blocks 6, 7 and 8 except lot 1 of block 8 and purporting to include "all areas in all parts of streets within said property and also the lake front and area in Sylvan Lake," he caused a wire fence to be erected extending along the west side of blocks 6 and 7 and the north side of block 6 and across Sylvan Lake Drive and the public park and beach and into the waters of the lake—thus blocking ingress to and through the drive and park to plaintiffs and all others. The evidence discloses that this fence had been fairly well maintained although there has been some passage over and through it and at times it has been down where it crossed the drive and park. The fence, I think, can be said to have been fairly permanent since it was built some twelve years ago. On the above facts the defendants base their right to close Sylvan Lake Drive and the public park and beach against the plaintiffs and all others.

All parties to this cause, the defendants and the plaintiffs (except Huebner), derived all their rights, title and interest from conveyances describing land by reference to the same plat of Donna Vista Park, and whatever title or rights the defendants and the plaintiffs (except Huebner) may have are dependent upon this same plat, *and their properties cannot be located without reference to this plat.*

Donnie Ferrell's effort to convey parts of streets to a number of the defendants was an apparent effort to withdraw the offer of dedication of parts of certain streets and possibly of the park and beach. The words of description in her deed—"also the lake front and area in Sylvan Lake"—are hardly sufficient for a description

of anything. The plat fails to show any area in the lake and the term "lake front" is very indefinite. There can be no question as to the fact that Collins, the subdivider, offered to dedicate the drive, streets and parks as shown on the plat to the public, and neither can there be any dispute that the offer of dedication was never accepted by the public or any governmental unit. The subdivision is not within the territorial limits of any municipality, and the county commissioners of Lake County have taken a "hands off" attitude.

The defendants Mumaw do not have or claim any color of title to the streets or park. The defendant Shawn claims color of title to parts of the streets under the deed from Donnie Ferrell (for blocks 6, 7 and most of 8) containing the provision—"the property herein granted to include areas in all parts of streets within said property, and also the lake front and area in Sylvan Lake"—but the language cannot be said to approach a conveyance of Sylvan Lake Drive, for the drive is not within blocks 6, 7, 8 or 9 but is located to the north of lot 6 and is not touched by either of the other blocks. The question of adverse possession, with or without color of title, will thus be of little importance in arriving at a decision in this case.

In Price v. Stratton, 33 So. 644, the Florida Supreme Court said—

> Where the owner of a tract of land makes a town plat thereof, laying the same out into blocks and lots, with intervening streets clearly indicated upon the plat separating the blocks, and conveys lots with reference to such plat, he thereby evinces an intention to dedicate the streets to public use as such, *and his grantees, as against him and those claiming under him, acquire the right to have such streets kept open.* Winter v. Payne, 33 Fla. 470, 15 South. 211; Porter v. Carpenter, 39 Fla. 14, 21 South. 788. (Italics added.)

In the same opinion the Court recognized the possibility of adverse possession or estoppel against such a purchaser and stated very clearly the conditions under which adverse possession might accrue or the purchaser be estopped as follows—

> It is essential to the application of the doctrine that the party claiming the estoppel must have been not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge. Where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there is no estoppel. Neal v. Gregory, 19 Fla. 356; Brant v. Virginia Coal & Iron Co., 93 U. S. 326, 23 L. Ed. 927; Gray v. Bartlett, 20 Pick. 186, 32 Am. Dec. 208; Welsh v. Taylor, 50 Hun. 137, 2 N. Y. Supp. 815; Sims v. City of Frankfort, 79 Ind. 446; Mueller v. Kaessmann, 84 Mo. 318, text, 329; Park Ass'n v. Shartzer, 83 Md. 10, 34 Atl. 536;

Simplot v. Chicago, M. & St. P. Ry. Co. (C. C.) 16 Fed. 350; Bigelow on Estoppel, 594; 3 Washburn on Real Prop. (6th Am. Ed.) sec. 1898.

In another early case (1905) our Supreme Court in Florida East Coast Ry. v. Worley, 38 So. 618, said at page 621—

> It has frequently been held by this court that where the owner of a tract of land makes a town plat thereof, laying same out into blocks and lots, with intervening streets clearly indicated upon the plat separating the blocks, and conveys lots with reference to such plat, he thereby evinces an intention to dedicate the streets to public use as such, and his grantees, as against him and those claiming under him, acquire the right to have such streets kept open. Such acts constitute a complete dedication, and the streets cannot be closed up or obstructed unless in pursuance of legal authority. Price v. Stratton, 45 Fla. 535, 33 South. 644, and other Florida cases therein cited. This is true although there is no formal written dedication accompanying the map, and the rule stated applies not only to streets and avenues, but to parks and other public places designated upon such plat. The word "Park" written upon a parcel of land designated upon such a plat implies that such parcel is dedicated to the public for park purposes, and the sale of lots with reference to such plat, especially where such lots abut the park or are separated from it by a street, only carries with it the right on the part of the grantees to have the parcel used for public park purposes. These propositions are abundantly supported by authority. San Leandro v. Le Breton, 72 Cal. 170, 13 Pac. 405; Conrad v. West End Hotel & Land Co., 126 N. C. 776, 36 S. E. 282; Trustees of Watertown v. Cowen, 4 Paige, 510, 27 Am. Dec. 80; Archer v. Salinas City, 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145; Pierce v. Roberts, 57 Conn. 31, 17 Atl. 275; Steel v. City of Portland, 23 Or. 176, 31 Pac. 479; Rhodes v. Town of Brightwood, 145 Ind. 21, 43 N. E. 942; Price v. Inhabitants of Plainfield, 40 N. J. Law, 608; Grogan v. Town of Haywood (C. C.) 4 Fed. 161. See, also, Attorney General v. Abbott, 154 Mass. 323, 28 N. E. 346, 13 L. R. A. 251; 2 Dillon on Munic. Corp. § 644.

An examination of the decisions of our highest court involving this same question reveals that the Court has adhered consistently to this same view. Its last pronouncement involving this principle of law (so far as I have been able to find) occurs in Boothby v. Gulf Properties of Alabama, Inc., 40 So. 2d 117.

It is clear from the evidence in this case that the defendants are not in a position to be classified as "particular purchasers" referred to in Price v. Stratton, supra—because they had full knowledge of the existence of the plat, the streets shown thereon and the public park and beach, and they hold *title under description based upon the plat* and are dependent upon the plat to establish their title to any of the property.

It is true of course that defendants' property would be more valuable if they could maintain a private monopoly of the lake

front and by the same token the plaintiffs' property would be more valuable if they could have access to the lake front by means of the streets shown on the plat, together with the public park and beach, as shown on the plat—to which they became entitled when they purchased their lots with reference to the plat. The defendants bought their property with full knowledge of existing conditions and evidenced that knowledge when they applied to the board of county commissioners for action by that body abandoning Sylvan Lake Drive. They further gave evidence of their knowledge of the conditions when the defendant Shawn secured from Donnie Ferrell a deed purporting to convey parts of the streets, and other vaguely described areas. They occupy the same position as would the original subdivider if he had never disposed of the property and were now trying to close the streets.

The evidence I think supports the contention of the plaintiff Huebner that he owns the dominant estate, and is entitled to an outlet over Donna Vista Park, which is the servient estate, along the route of Sylvan Lake Drive as shown on the plat.

Decree will therefore be entered in accordance with these findings and the prayer of the bill of complaint.