## WELCH, et al v. ISERMAN, et al.

Circuit Court, Sumter County.

October 8, 1953.

Pat Kelly, Auburndale, for plaintiffs.

P. B. Howell, Bushnell, for defendants.

T. G. FUTCH, Circuit Judge.

This case involves alleged private rights in streets existing only by virtue of being shown on a map or plat of a subdivision recorded in the public records of Sumter County on the 9th day of February, 1926. The streets here involved have never received recognition by the public or by any official representing the public. For more than 27 years this plat has been on record showing these streets and during all that time they have neither been accepted nor used in behalf of or by the public.

The subdivision, known as Moreland Park, involves land in Sumter County some distance north of the northern boundary of the city of Wildwood. Plaintiffs rely on the decision of our Supreme Court in Indian Rocks Beach South Shore, Inc. v. Ewell, 59 So. 2d 647, the facts in which parallel the facts in Mumaw v. Roberson (Fla.), 60 So. 2d 741. In the former case Pinellas County had accepted one street shown in the plat of the subdivision and had improved it, and the Court held such acceptance of one street in a subdivision by the county constituted acceptance of the dedication of the entire system of streets. In the latter case Lake County had accepted two of the streets shown on the plat and had improved them—yet the high court arrived at exactly opposite conclusions in the two cases.

The difference between the Indian Rocks case and the Mumaw case is to be found only in the *nature* of the parties asserting the right to have the streets opened. In the Indian Rocks case the right was asserted *by the duly incorporated town of Indian Rocks Beach South Shore, Inc.* as a public entity and successor to the rights of Pinellas County, another public entity. In the Mumaw case the right to have the streets opened was *asserted by private individuals* who had bought and owned property with reference to the plat there involved, the Court saying—"The rights of the appellees must, then, be determined on the basis of a 'private' right, rather than a 'public' one."

The plaintiff Welch is shown to have maintained an obstruction in Elizabeth Avenue, along with the defendant McElrath, and at substantially the same place in the alleged street but on the opposite side from McElrath. There is a well in the alleged street that was in existence at the time the plat was filed and it was in use at that time by McElrath's predecessors in title and has continued in the possession of McElrath and his predecessors in title to this day. Thus there has never been any easement for the public over Elizabeth Avenue.

The question of adverse possession has been injected. I cannot see how adverse possession can be a factor in determining a right to or against something that never in fact existed. An easement for street purposes was proffered by the filing of the plat, but it was never brought into existence by use or otherwise. In the Mumaw case the Court said at page 743—"*The proof of acceptance by the public of an offer of dedication must be 'clear, satisfactory and unequivocal,'* Robinson v. Town of Riviera, 157 Fla. 194, 25 So. 2d 277." But if adverse possession is a factor, then the facts in this case show the necessary adverse possession. It was not necessary to return for taxation purposes the land shown on the plat as part of a street since by operation of law, the adjoining lots extend in fee to the center of the street. Smith v. Horn (Fla.), 70 So. 435. In the case of Elizabeth Avenue, here involved, the obstructions complained of have existed ever since the plat was filed, and on the other streets claimed, since 1941.

It is shown from the evidence that the plaintiffs have access to their respective holdings other than along the streets sought to be opened at very little cost in distance, and they have shown no such special interest as entitles them to maintain this action. Like the Mumaw case, and unlike the Indian Rocks case, the asserted rights of the plaintiffs here sought to be established are *private* and not *public* rights.

While I do not always agree with the decisions and opinions of the Supreme Court of Florida as is evidenced by my opinion and decision in Roberson v. Mumaw, 3 Fla. Supp. 177, and the opinion and decision of the high court in the same case (see citation above), it becomes my duty to respect and follow their opinions and decisions once they have been announced. With the much greater facilities, time and opportunity for research and study which they have, to say nothing of the superior ability of the learned justices of the Court, the agreed opinion and decision of at least four of them is certainly more likely to be correct and is entitled to more respect than the opinion and judgment of a lowly circuit judge— yea, even by the circuit judge who has been reversed. They, like circuit judges, do the best they can in the light of their intelligence, information and learning.

It therefore follows that the bill of complaint should be dismissed, and decree will be entered accordingly.