(Decided March 24th, 1896).

---

## THE MOUNTAIN LAKE PARK ASSOCIATION *vs.* JOHN SHARTZER, Trustee.

*Injunction to Restrain Action of Ejectment—Equitable Estoppel to Assert Title.*

Equity will not enjoin the prosecution of an action of ejectment when the ground relied on would be equally available if urged as a defence at law, or where the question of title involved may be properly determined in that action.

The defendant in an action of ejectment applied for an injunction to restrain the prosecution of the suit upon the ground that the plaintiff was equitably estopped from setting up his legal title to the land because he had acquiesced in a sale of the property to the defendant by a trustee supposed by all parties to have authority to sell. *Held*, that since this defence could be made in the ejectment suit, and the remedy there was adequate, the aid of equity could not be invoked.

A party is not equitably estopped to assert his title to land by reason of his conduct or declarations unless the other party, who claims that he was influenced by such conduct or declarations, was not only without knowledge of the true state of the title, but was also without convenient means of acquiring such knowledge. When the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel.

Appeal from an order of the Circuit Court for Garrett County (STAKE, J.)    In 1849 *John* Hoye died, seized of a tract of land in Allegany County known as " Military Lot No. 858," which he devised to George Smith and Edward Hoye, trustees, with power to sell and distribute the pro-

ceeds among certain parties.   Smith alone acted as trustee
and executor under the will.   In 1850 a bill in equity was
filed for the sale of the real estate of *William* W. Hoye and
*Paul* Hoye, and to this bill Smith, as executor and trustee
of *John* Hoye, and Edward Hoye were parties as distrib-
utees of *William* W. Hoye's estate.   In 1881, Messrs. J.
H. and R. H. Gordon, trustees appointed in this equity
suit, sold the above-mentioned " Military Lot No. 855," to
one Anderson, erroneously supposing that it was included
in a tract of land called " Western Canal Convention," and
that it was the property of *William* W. Hoye.   The sale
was ratified and George Smith and Edward Hoye received
part of the purchase money.   The land was subsequently
conveyed to the Mountain Lake Association.   Upon the
death of Smith in 1884, Edward Hoye was appointed trus-
tee of the estate of John Hoye, and instituted against the
appellant an action of ejectment to recover said lot No.
858, as part of the lands which passed under the will of
John Hoye to the trustees therein named.   Since the filing
of the bill in this case to restrain said action Edward Hoye
died, and the appellee Shartzer was appointed trustee in his
place.

The case was argued before McSHERRY, C. J., BRYAN,
FOWLER, BRISCOE, PAGE and RUSSUM, JJ.

*Rignal W. Baldwin* (with whom was *Gilmor S. Hamill*
and *Thomas J. Peddicord* on the brief) for the appellant :

*Edward H. Sincell* and *William C. Devecmon* for the ap-
pellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed by the Mountain Lake
Park Association of Garrett County to enjoin the prosecu-
tion of an action of ejectment brought by Edward Hoye,
trustee, under the will of John Hoye, to recover a tract of
land known as Military Lot No. 858.   This lot is now in

the possession of the appellant company, but a claim of title is also made by the appellee, John Shartzer, substituted trustee, in the place of Edward Hoye, deceased. A preliminary injunction was granted, but after a hearing of the case, on bill, answer and proof, it was dissolved, and from that order this appeal has been taken.

The prayer of the bill is, that the defendant, Edward Hoye, trustee, be perpetually enjoined and forever prohibited from asserting title to Military Lot No. 858, and from further prosecuting the suit in ejectment, as well as for other relief.

Now it is well settled that proceedings in ejectment will not be enjoined where the questions of title involved may be properly determined at law, or where the ground relied upon for an injunction would be equally available if urged as a defence to the action of ejectment. What then is the case made by the bill against this defendant? It charges that on the 26th of July, 1830, William W. Hoye was seized and possessed of a tract of land situate in what was then Allegany County, but what is now Garrett County; that this tract of land is known as Military Lot No. 858, westward of Fort Cumberland, that is to say, a part of the lands laid out and awarded by the State of Maryland to the officers and soldiers of the Revolutionary War; that on the 14th of November, 1835, Wm. W. Hoye and wife conveyed this Military Lot to one John Hoye; that the said John died in the year 1849, whereupon the title to this lot passed under his will to George Smith and Edward Hoye, trustees named therein; that Edward Hoye refused to accept the trust and George Smith, the other trustee, took charge of the lands, under the trusts of the will, until his death in 1884, when the said Edward was appointed in his stead.

It further charges, that on the 7th of September, 1881, this lot (No. 858) was sold by the Messrs. Gordon, trustees, to one Joseph C. Alderson, under a decree of the Circuit Court for Allegany County to sell the real estate of

Paul Hoye, and Wm. W. Hoye, deceased ; that at that time, and down to the year 1890, it was supposed that this lot (No. 858) was included in a tract of land called " Western Canal Convention " and a part of the estate of Wm. W. Hoye ; that the plaintiff claims title through the purchaser at this sale, which was duly ratified by the Court.    It further alleges that neither Smith, nor Edward Hoye, trustees, objected to the sale, but on the contrary accepted from the Messrs. Gordon, as trustees, a part of the purchase money, with full knowledge of all the facts, and are therefore estopped from denying the validity of said sale, or the plaintiff's title thereunder.    The answer of the defendant, in substance, denies the material allegations and the equities of the bill, and avers that the appellant is not entitled to relief against the ejectment suit, because he can avail himself of every defence made here in a Court of law which has already assumed jurisdiction of the subject-matter.

It is apparent, then, from an examination of the whole record, that the question here is a legal one, involving the title to land and the proper tribunal for the determination of this controversy is a Court of law.    The aid of equity cannot be invoked where the remedy at law is plain, adequate and complete.    In the ejectment action the defendant therein and the plaintiff here can interpose by equitable defence the same matter which is sought to be made the cause of complaint here.    Code, Art. 75, sec. 83.    The doctrine is well established that an action of ejectment cannot be carried on under the form of a bill in chancery.

Upon the question of equitable estoppel, relied upon by the plaintiff, we need only say, that it was " essential for its application with respect to the title of real property that the party claiming to have been influenced by the conduct or declarations of another to his injury was himself not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge.    Where the condition of the title is

known to both parties or both have the same means of ascertaining the truth, there can be no estoppel." *Brant* v. *Virginia Coal, &c.*, 93 U. S. 337 ; *Alexander* v. *Walter*, 8 Gill, 239 ; *Reynolds* v. *Mutual Fire Ins. Co.*, 36 Md. 280.

Being then of opinion that upon the case here made out by the plaintiff, there is no jurisdiction in a Court of Equity, and finding it unnecessary to express an opinion upon the other grounds relied upon in the argument, we shall affirm the order dissolving the injunction and dismissing the plaintiff's bill.

*Decree affirmed with costs.*

(Decided March 24th, 1896.)