## THE McCAY ENGINEERING CO. vs. THE CROCKER-WHEELER ELECTRIC CO.

*Contract Constituting Sales' Agent in Certain Territory—Action to Recover Commissions on Sales Made Direct by Principal—Evidence—Appeal—Harmless Error.*

A contract constituted plaintiff, the agent for the sale, within the State of Maryland, of certain apparatus made by the defendant company. The defendant also agreed to "refer to the said agent, as far as practicable, all inquiries for apparatus * * coming from the territory specified, but said company reserves the right to sell direct when it shall consider such action necessary to consummate a sale, and will in such case credit the agent with such commission as the net proceeds of such sales shall warrant, upon a collection thereof, which shall not exceed five per cent of said net proceeds." In an action for the breach of the contract, plaintiff's evidence showed a number of direct sales of the apparatus made by the defendant within the territory, the prices at which they had been made and the refusal of the defendant to pay any commissions on such sales. *Held*, that, assuming the clause above recited is not void for uncertainty, it permits defendant to make direct sales in the territory upon certain contingencies, and that since plaintiff has failed to prove that defendant made the direct sales when it was not

necessary to do so, or that defendant did not refer to plaintiff all inquiries coming from the designated territory as far as practicable, plaintiff's evidence does not entitle him to recover as for a breach of the contract in these respects.

*Held*, further, that to entitle plaintiff to recover under the stipulation that when the defendant did make direct sales under the power reserved it would credit plaintiff with such commissions as the net proceeds of such sales should warrant, not to exceed five per cent, it is necessary for the plaintiff to prove not only the amounts for which defendant had made the sales but also the net proceeds derived therefrom and whether the proceeds warranted a payment of commissions thereon, and if so at what rate, and since plaintiff's proof had failed in these respects, the jury was properly instructed that the evidence in the case was not legally sufficient to entitle the plaintiff to recover.

When the plaintiff's evidence is legally insufficient and the case is therefore withdrawn from the jury, the rejection of testimony, which, if admitted, would not have furnished the evidence essential to make out the plaintiff's case is not injury of which he can complain on appeal.

Appeal from the Baltimore City Court (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Arthur W. Machen, Jr.*, for the appellant.

*J. Bannister Hall, Jr.*, for the appellee.

JONES, J., delivered the opinion of the Court.

The appellant here, the McCay Engineering Company of Baltimore City, a corporation formed under the laws of this State, instituted in the Baltimore City Court an action of covenant against the Crocker-Wheeler Electric Company, a corporation formed under the laws of New Jersey, the appellee here, to recover damages for an alleged breach of contract under which the appellant had been employed as the agent of the appellee for purposes therein specified. This contract does not appear in full in the record; but the clauses and provisions upon which the appellant bases its action are therein set out as follows :

"This agreement made this 15th day of April, 1898, be-

tween the Crocker-Wheeler Electric Company, a corporation of New Jersey, hereinafter called the Electric Company; and the McCay Engineering Company of the City of Baltimore, Maryland, hereinafter called the agent; Witnesseth: *First.* The said agent agrees to sell for the said Electric Company, the apparatus, manufactured by it and not to sell or otherwise dispose of any direct current apparatus of any other manufacturer.    The said agent shall have the privilege of disposing of any second-hand apparatus that it may have in its possession or that it may take in exchange.

"All sales to be restricted to the territory comprising the State of Maryland.    This territory may be enlarged or diminished at any time or times by the said Electric Company without in any other manner affecting the terms of this agreement.

"*Second.* The said Electric Company further agrees to refer to the said agent, as far as practicable, all inquiries for apparatus manufactured by the said Electric Company, coming from the territory above specified, but said company reserves the right to sell direct when it shall consider such action necessary to consummate a sale, and will in such case credit the agent with such commission as the net proceeds of such sales shall warrant, upon collection thereof, which shall not exceed five (5) per cent of said net proceeds.    *   *   *

"*Ninth.* This agreement shall run for six (6) months from date and thereafter until terminated by either party on thirty (30) days' notice.    If such notice be given by the said Electric Company, it shall be served personally on the said agent, or mailed to its address.    If such notice be given by the said agent, it shall be served upon any officer of the said Electric Company, or mailed to its principal office."

The appellant's *narr.* after alleging the terms and stipulations of the contract which are contained in the provisions thereof just recited alleged a breach of the same as follows: "the defendant in violation of its said covenant and agreement did not refer to the plaintiff as far as practicable all inquiries for apparatus manufactured by the defendant coming from the territory above specified, said territory never having been en-

larged or diminished by the defendant, but on the contrary during the continuance in force of said agreement under the terms thereof and before any termination thereof by either party thereto on thirty days' notice as aforesaid or otherwise the defendant did make sales of large amounts of apparatus of great value within the State of Maryland directly and without the agency of the plaintiff, and the plaintiff says that the defendant did not consider such action necessary to consummate such sales and that in fact the same was not necessary for that purpose; and the plaintiff says that although the defendant collected large net proceeds of such sales and although the said net proceeds on collection thereof warranted a large commission, yet the defendant did not credit or pay the plaintiff such commission as the net proceeds thereof warranted not exceeding five per cent thereof nor any commission whatsoever, but on the contrary, although often requested so to do, nevertheless wholly and wrongfully refused so to do and hath ever since continued and still continues to refuse so to do."

The defendant, appellee here, pleaded nine pleas which, in substance, alleged breaches of the contract sued on on the part of the plaintiff, appellant here; and that the said agreement had been mutually abandoned by the parties thereto prior to the alleged breaches thereof complained of in appellant's *narr.*; and, in terms and specifically denied each of the several breaches so complained of. Replications and issues followed in due course. Upon the trial of the case the verdict and judgment were for the defendant and the plaintiff brought this appeal.

The questions for the consideration of this Court are presented in four exceptions taken by the appellant to rulings made by the trial Court. Three of these exceptions related to rulings made as to admissibility of evidence and one to an instruction granted at the close of the plaintiff's testimony that there was no evidence in the case legally sufficient to entitle the plaintiff to recover and the verdict must be for the defendant. This last-mentioned exception will be first considered. The instruction which was the subject of this exception, refers

only to the evidence, and the question, therefore is, does this show a cause of action upon which the appellant (plaintiff below) can recover. *Balto. Bd. Asso.* v. *Grant,* 41 Md. 560–9; *W. Va. Cent. R. Co.* v. *Fuller,* 96 Md. 652–669; 2 *Poe's Plead. & Prac.,* sec. 302.

The appellant offered in evidence the contract upon which it declared in its *narr.* containing the provisions which have been herein set out.   It then proved that the appellee had, without the agency of the appellant, made, in the State of Maryland, a number of sales of apparatus manufactured by the appellee to which the contract had reference; and the prices at which the sales had been made; that said sales had been made without the knowledge of appellant; that the latter had demanded commissions, at the rate of five per cent on the amounts for which the proof showed the said sales had been made; that the appellee had refused to pay, on the sales as to which this proof had been offered, any commission whatever; that in two instances in which these demands had been made the appellee had stated specific grounds for its refusal ; that one of these instances was the case of a sale of machines to the Western Union Telegraph Company in which the appellee had replied to the demands of the appellant that a clause, which it was usual for the appellee to insert in all of its contracts, reserving to itself the right to sell direct to telegraph and telephone companies, had been inadvertently omitted from the contract with the appellant, but had stated no other ground of refusal; that the other instance was that of a sale of a machine to the Gail & Ax Branch of the American Tobacco Company in which the appellee stated as the ground of its refusal of commissions that the appellant had "agreed to waive a commission" on a previous sale by the appellee to the same vendee "in consideration of being given a contract for wiring their works" and had stated no other ground of its refusal though the said waiver had no relation to the sale upon which the de-'mand for commissions in this instance had been made; that the appellant had always demanded, under the contract here in question, "a commission of five per cent on proceeds of sales of

defendant's (appellee's) apparatus made by the defendant to persons in Maryland otherwise than by plaintiff's (appellant's) agency, of which plaintiff had knowledge; and that where defendant had acknowledged plaintiff's right to any commission on such sales it had paid at that rate."

It will be seen that none of the proof which has been set out, was designed, or had any tendency, to show any actual work done, or service rendered, by the appellant for the benefit of the appellee under the contract in question, or otherwise, as a basis for the claim made by the appellant; but that it all had relation solely to sales made, that is work, done by the appellee itself in which the appellant had no agency and of which it performed. no part. It was directed only to claims made by the appellant under the second clause of the contract. As the case is presented the controversy here arises from, and involves only a difference of view between the parties as to their respective rights under, that clause; and it is in reference to that that the question now under consideration is to be determined.

The appellee contends that this clause is void and not enforceable for vagueness and uncertainty in its provisions. Waiving this and proceeding upon the theory of the appellant that these provisions are effective; and secure to it rights which, if withheld, it can enforce by a proper proceeding and necessary proof, does the state of proof disclosed in the record justify the instruction granted in the Court below? It is to be observed that the contract here in question does not in terms, give to the appellant any exclusive right of any kind and does not, anywhere, expressly exclude the appellee from making sale, within the territory embraced in the contract, of the apparatus manufactured by it. The second clause of the contract expressly reserves to the appellee the right to make sales whenever it shall consider it necessary to take such action to consummate a sale. This is modified only by the provision that the appellee "agrees to refer to said agent (the appellant), as far as practicable, all inquiries for apparatus manufactured 'by it' coming from the territory specified in the

contract." It is very clear then that the making of sales by the appellee within the territory designated in the appellant's contract is not of itself a violation of the provisions of the contract. It is not enough therefore for the appellant simply to prove that sales have been made by the appellee, within the territory specified in the contract, of the apparatus to which the contract refers. Were the sales, appearing in proof, made in cases in which inquiries had come to the appellee from the territory specified in the contract? or were they made upon efforts initiated and actively prosecuted by the appellee? or were the sales made by the appellee, so made, because the appellee considered it necessary to sell direct in order to consummate them? Unless these questions be settled by the proof it is not possible to say whether or not the appellee, in the action in this connection complained of was or was not within its rights. The appellant's proof which has been heretofore set out does not touch any of these questions, and therefore could not properly have been submitted to show a breach of contract by the appellee in respect to the considerations which they present.

While the appellant's *narr.* alleged breaches, by the appellee, of the contract in suit in respect to those provisions in the second clause thereof which have just been referred to its proof mainly related to the alleged breach of the provision in the said clause to the effect that the appellee would, upon making sales under its reserved right to make them, "in such case credit the agent (appellant) with such commission as the net proceeds of such sales shall warrant, upon collection thereof, which shall not exceed five (5) per cent of said net proceeds." It appears from the proof in the record that upon some sales made by the appellee in accordance with the provision of the contract just quoted the appellant received commission at the rate of five per cent. As to the sales so made upon which the appellant received no commission the proof goes no further than to show the sales that were made, to whom made, the prices obtained and that they were made without appellant's knowledge, and appellant makes claim to the full rate of five

per cent commission upon the prices which the apparatus is shown to have brought. This claim is manifestly not in accordance with the contract in question. The appellant's claim is made as if the contract was, under the circumstances mentioned in the clause now under consideration, that the appellee should pay commissions at the rate of five per cent without qualification, on the full price at which a sale was made in any given case; whereas according to the stipulation in question only such commission, not in excess of five per cent, was to be paid as the net proceeds of any given sale should warrant. To enable the appellants to recover under this provision of the contract there should be proof to ascertain, not alone the amount for which a sale was made, but the net proceeds derived therefrom; then whether these net proceeds (by whatever standard this was to be judged) warranted a payment of commissions thereon; and if so, at what rate. The appellant's proof being also entirely deficient in respect to the consideration last mentioned it could not have been properly submitted to the trying tribunal as a basis of recovery in the action. For the reasons stated the action of the trial Court in refusing to submit the case to the jury was without error and this makes it unnecessary to pass upon other questions discussed at the Bar which the state of the record does not necessarily present and require to be decided.

No error is found in the rulings made upon admissibility of testimony which are the subjects of the first, second and third exceptions. In the first exception the question was as to the selling price of apparatus sold by the appellee at the time of the sale. In the second what was the value of this same apparatus. In the third whether the purchaser of this apparatus was a "solvent and prosperous concern." Apparently it was sought in the first and second exceptions to show the price the apparatus sold ought to have brought or probably did bring. It is not necessary to discuss these offers of testimony with reference to another condition of facts. It is sufficient to say that the want of testimony to enable the appellant to recover in this case which has been discussed in another connection

renders the rejection of this proof in this case entirely harm-less.    It had no tendency to supply testimony the absence of which was fatal to the case of the appellant.    The testimony offered in the third exception would seem to be without per-tinency as to any issue which the case presents; and what has been said as to the harmless character of the rulings upon the offers of evidence in the previous exceptions applies equally to that upon this last-mentioned offer.    The judgment of the Court below will be affirmed.

> *Judgment affirmed with costs to the appellee.*

(Decided March 22nd, 1905.)