MARY EMMA WHITAKER ET AL. *vs.* JOSEPH L. McDANIEL.

*Injunction Against Action of Ejectment—Enforcement in Equity of Parol Gift of Land Followed by Possession and Improvements—Equitable Defenses in Action at Law.*

A suit in equity to restrain the prosecution of an action of eject-ment for certain land, and to enforce specific performance of an agreement by which a former owner of the land had given it by parol to the plaintiff, his son, who had made valuable improvements on the faith of the gift without receiving a conveyance, is not a suit to try the question of the title to the land, but the object of the proceeding is to determine whether a contract exists which should be specifically enforced.

In such case, the circumstance that the plaintiff could set up this defense in the action of ejectment by way of plea on equitable grounds does not prevent him from asking for re-lief by way of bill in equity, since, in the equity suit, his main purpose is to obtain a decree directing specific perform-ance of the agreement to give him the land, and the injunc-tion against the action of ejectment is merely ancillary.

*Decided June 23rd, 1910.*

Appeal from the Circuit Court for Cecil County (AD-KINS and HOPPER, JJ.).

The cause was argued before Boyd, C. J., Pearce, Burke, Thomas, Pattison and Urner, JJ.

*Frederick T. Haines* (with whom was *Joshua Clayton* on the brief), for the appellants.

*William S. Evans* (with whom were *Albert Constable* and *Frank B. Evans* on the brief), for the appellee.

Pattison, J., delivered the opinion of the Court.

In this case the appellee filed his bill against the appellants in the Circuit Court for Cecil County, alleging therein that in 1865 his father, Delaplaine McDaniel, the owner of a large tract of land in Cecil County, Maryland, gave to him four acres thereof with shore rights and a right of way from these lands over those of the father to the public highway; that the appellee at once took possession of the same, erected a house therein and has continuously resided thereat ever since said time, and has expended a large sum of money in the way of repairs and improvements made thereon. That he has had public, exclusive and adverse possession of said lands from the time of the gift of the father to him, and that his father in his lifetime always spoke of the property as being that of the appellee, and his right thereto was never disturbed until after the death of his father in 1885. That in the year 1884 Delaplaine McDaniel conveyed the whole of the above mentioned tract of land unto his wife, Sarah Ann McDaniel, and his daughters, Anna Lucy McDaniel and Mary Emma Whitaker, for and during their natural lives with remainder over to others upon certain contingencies, without excepting therefrom the part so given to the appellee. That at the death of Sarah Ann McDaniel in 1907 the surviving life-tenants, Anna Lucy McDaniel and Mary Emma Whitaker, and their tenant and agent, Eli Rothermel, trespassed upon the said property of the appellee, destroying his fruit trees, plants, fruits and vegetables grow-

ing thereon, and interfered with the appellee in the use and enjoyment of the right of way given to him by his father over the lands now held by the life-tenants.

The bill further alleges that in 1908 the appellants, the said surviving life-tenants, instituted, in the Circuit Court for Cecil County, a suit in ejectment aganst the appellee to dispossess him of the lands and property so alleged to have been given to him by his father, which suit was pending in said Court at the time of the filing of this bill. The bill then alleges that the appellee, by reason of his said gift from his father and his taking possession thereof and making large expenditures of money thereon, is entitled to the relief asked for in the bill, which is as follows: that a decree be passed ratifying and confirming the said gift of the property to him by his father, and decreeing the specific performance of the same; that a trustee be named to convey the property; that the life-tenants be restrained from further prosecuting their suit of ejectment against the appellee, and that the life-tenants and Eli Rothermel be enjoined from trespassing upon the lands of the appellee and destroying the property growing thereon, mentioned and described in the bill. Upon this bill the Court below granted a preliminary injunction as prayed.

The appellants thereafter answered the bill, substantially denying the allegations therein contained, and filed a motion to dissolve the injunction. The motion to dissolve the injunction was heard upon the bill and answer and was, by the Court, overruled, and the injunction continued until the further order of the Court. It is upon this order of the Court that this appeal is taken.

The appellee, as he alleges, being the holder of the equitable title in the land and property mentioned in the bill, under the alleged gift from his father to him, filed his bill with the primary object and purpose of having this gift ratified and confirmed and the gift specifically enforced, and a trustee appointed to convey the legal title to him.

This Court, in the case of *Hardesty* v. *Richardson*, 44 Md. 617, which was an application for the specific performance of the parol gift of a farm by the father to his son, said: "When a gift has led to the expenditure of money or labor on the land given, in making permanent improvements of considerable extent, the gift becomes irrevocable in equity, as it would operate a fraud on the donee to allow the donor to avoid the performance of his undertaking. The Statute of Frauds requires a contract concerning real estate to be in writing, but Courts of Equity, whether wisely or not it is too late now to inquire, have stepped in and relaxed the rigidity of this rule, and hold that a part performance removes the bar of the statute, on the ground that it is fraud for the vendor to insist on the absence of a written instrument, when he had permitted the contract to be partly executed. And equity protects a parol gift of land, equally with the parol agreement to sell it, if accompanied by possession, and the donee, induced by the promise to give it, has made valuable improvements on the property."

It is contended by the counsel for the appellants that the redress sought by these proceedings can be obtained by filing an equitable plea, in the ejectment suit, containing the facts alleged in this bill; and, further, that the bill and answer put in issue a legal question, one involving the title to land, and for these reasons insist that the bill should not be entertained.

If such an equitable plea could properly be filed in the ejectment suit and by it the defendant could defeat the plaintiffs in their effort to recover from him the lands in dispute. nevertheless it would leave the appellee thereafter holding only an equitable title in said lands; he would still be without the legal title, which he is seeking under these proceedings. It cannot be said that the sole object of the appellee in obtaining the relief sought by this bill is to defeat the appellants in their suit for the recovery of this land. The relief asked for is of wider scope and embraces matters in relation

to which a Court of Equity alone has jurisdiction. The Acts of 1888, Chapter 547, Code, Article 75, sections 83, 84 and 85, allowing equitable defenses at law "was designed to prevent circuity of action in many instances and to allow numerous defenses at law, which, before its passage, could only have been availed of in equity, but it never intended to destroy the distinction which exists between the jurisdiction of a Court of Law and a Court of Equity." *Taylor and Bradford* v. *State, use of Miller,* 73 Md. 222. It is clear that a Court of Equity is open to the appellee for the redress sought in this case and that it is the only Court in which the appellee can obtain the full relief asked for.

The appellants, in support of their contention, rely largely upon what was said by this Court in the case of *Park Asso.* v. *Shartzer,* 83 Md. 10. That case, however, differs widely from the case before us. In that case a bill was filed by the Park Association to enjoin the prosecution of an action in ejectment instituted against it by Edward Hoye, trustee. The facts there were, that the plaintiff in the ejectment suit, Edward Hoye, trustee, claimed title under the will of John Hoye, grantee of William Hoye, under deed dated November 14th, 1835, while the defendant, the Park Association claimed title through one Alderson, the purchaser of the property at a sale made in September, 1881, by the trustees appointed to sell the lands of Paul Hoye and the said William Hoye, then deceased. The dispute in that case arose from the fact that the trustees of William Hoye were of the impression that these lands were included in another tract of land owned by William Hoye at the time of his death, and they were sold under that erroneous impression, and of which sale Edward Hoye, trustee, had full knowledge, and to him a part of the proceeds arising therefrom was distributed and paid over, and the sale finally ratified and confirmed; and by reason thereof it was contended by the defendant that he, the plaintiff, was estopped from setting up claim to such land. After the institution of the suit in ejectment by Ed-

ward Hoye, trustee, the defendant filed its bill in equity alleging these facts and asking that the plaintiff be restrained in the further prosecution of his suit in ejectment, to which Hoye, trustee, the plaintiff, contended that full relief could be afforded the Park Association by pleading these facts in an equitable plea to the ejectment suit, and the Court in that case said: "It is apparent from an examination of the whole record that the question here is a legal one, involving the title to land, and the proper tribunal for the determination of this controversy is a Court of Law. The aid of equity cannot be invoked where the remedy at law is plain, adequate and complete."

In that case both the plaintiff and defendant in the ejectment suit claimed under an alleged legal title, and the *only* relief sought in the bill was that the plaintiff be restrained from further prosecuting his suit in ejectment; nothing more was asked for. The relief sought in that bill was directed solely to the resistance of the suit in ejectment, instituted by the plaintiff to dispossess the defendant of its property, as to which the Court held, that the defendant had a plain, adequate and complete relief at law, and therefore could not invoke the aid of a Court of Equity.

This case is quite different. The primary object of this bill is for the specific performance of the gift, in order that the appellee may have his alleged equitable title converted into a legal title, if he is entitled thereto under such alleged gift. The injunction granted, restraining further prosecution of the suit and enjoining the appellants and their tenant and agent from further trespassing upon the property, was merely ancillary to the principal relief sought. The defendant could not obtain full, adequate and complete relief in a Court of Law, and it was to a Court of Equity that he was forced to go in order to obtain such relief.

Under the allegations of the bill, the Court is called upon, first, to find if there was a gift from the father to the appellee enforcible in equity, and if it so finds, then it is asked

to enforce it, and appoint a trustee to convey to the appellee a legal title to the property. While the result of this proceeding may be beneficial to the defendant in successfully aiding him in defending against the ejectment suit brought to recover from him the lands in dispute, yet it cannot be said to put in issue the title to real estate in the sense that a Court of Equity is without jurisdiction to hear and determine the issues raised by this bill and answer.

This Court in the case of *Stump* v. *Warfield,* 104 Md. 552, in speaking of the opinion in the case of *Park Asso.* v. *Shartzer, supra,* said: "This Court declined to continue an injunction to restrain the plaintiff from prosecuting an action of ejectment, on the ground that the defendant could introduce in the action at law, by equitable plea, the same matters attempted to be set up in the equity proceedings, but it did not mean to say that a defendant in an ejectment proceeding should in all cases be precluded from going into equity, after judgment, because he had not interposed a plea by way of equitable defense. The statute itself recognizes the fact that there may be cases where justice to all the parties may require the interposition of a Court of Equity, and this is, in our opinion, such a case."

We do not think, in this case, the defendant should be required to plead, in an equitable plea, to the ejectment suit, the facts alleged in his bill, even though, by so doing, it would result in preventing the plaintiffs from recovering in said suit, but that he should be permitted to prosecute to a termination the equity proceeding instituted by him for the specific performance of the gift, and that the plaintiffs should be restrained, at least during the pendency of the equity proceeding, from the further prosecution of the ejectment suit, and be likewise restrained from trespassing upon and injuring or destroying the alleged property of the defendant mentioned in the bill. From what we have said, we think the Court committed no error in passing the order appealed from.

*Order affirmed with costs to the appellee.*