W. D. NYDEGGER, GRANVILLE G. BIXLER AND
EARNEST WESTFALL

*vs.*

GEORGE N. GITT.

*Leases: construction; in addition to rent, money paid for improvements. Written contracts: construction; parol evidence. Equitable pleas: jurisdiction of law courts not extended.*

Besides the other terms and conditions for the payment of rent, a lease by the covenant upon which a right of action was based was as follows: "at the expiration of this lease to pay to the said party of the prst part the sum of seven hundred and fifty dollars in cash for the purpose of converting the room into a suitable storeroom." p. 576

It was further agreed and understood, that if the parties of the second part (the lessees) became embarrassed or made an assignment for the benefit of creditors, or should be declared bankrupt, or should be sold out by sheriff's sale, then the rent for the balance of the term, including the above sum of seven hundred and fifty dollars ($750) cash, to be paid at the expiration thereof, to at once become due and payable, as if by the terms of the lease it had all been payable in advance, and should first be paid out of the proceeds of such assignment, bankruptcy or sale, any law, usage or custom to the contrary notwithstanding: *Held,* that the conversion of the premises at once into a suitable storeroom was not a condition precedent to the payment of the money. pp. 576-577

Where the terms and meaning of a written contract are clear and explicit, parol proof is not admissible to explain or vary the agreement. p. 577

The statute allowing equitable pleas does not enlarge the jurisdiction of courts of law, so ·as to confer upon them the power of cancelling or reforming contracts.                    p. 578

*Decided April 8th, 1915.*

Appeal from the Superior Court of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Daniel S. Sullivan,* for the appellants.

*Alfred S. Niles* and *Chester F. Morrow,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought this suit against the defendants, in the Superior Court of Baltimore City, to recover certain rentals for leased premises, according to the covenants of the defendants in a lease dated the 6th day of March, 1909.

The lease is under seal, filed as the cause of action in the case, and is set out in part, in the plaintiff's declaration.

The plaintiff is the owner of certain premises known as No. 29-31, Baltimore street, in the Borough of Hanover, Pennsylvania, and in consideration of the covenants contained in a deed, leased a certain portion of the lot and premises mentioned therein to the defendants for the purpose of operating a moving picture show, vaudeville or any theatrical purpose, for the term of five years from the first day of June, 1909.

The covenant in the lease as to the payment of rent and the one here in dispute is as follows: "Said parties of the second part agree to pay as rental for the same, *i. e.,* for

the premises above mentioned) the sum of one hundred dollars per month, payable in advance on the first day of each month and every month beginning June 1st, 1909, and at the expiration of this lease to pay to the said party of the first part the further sum of seven hundred and fifty dollars ($750), in cash for the purpose of converting the room into a suitable store room."

It was also agreed, as provided by the lease, that if the parties of the second part become embarrassed or make an assignment for the benefit of creditors or should be declared bankrupt or are sold out by sheriff's sale, then the rent for the balance of the term, including the above sum of seven hundred and fifty dollars ($750), cash, to be paid at the expiration thereof, shall at once become due and payable as if by the terms of the lease it were all payable in advance and shall first be paid out of the proceeds of such assignment, bankruptcy or sale, any law or custom to the contrary.

The declaration avers, that the defendants, in accordance with the provisions and covenants in the lease, entered upon the premises, and held the same for the period of five years, the term provided by the lease, and that the plaintiff performed all the conditions and covenants, as required by the lease, but the defendants failed upon demand at the expiration of the lease, and continue to refuse to perform the term of their covenant, to wit, the payment of the sum of $750, in cash, for the purpose of converting the room so demised into a suitable store room.

The questions in the case arise upon the defendant's demurrer to the plaintiff's declaration, which was overruled by the Court below, and to the plaintiff's demurrer to five of the defendants' pleas, which denied their liability to the plaintiff under the terms of the lease.

The plaintiff's demurrer to the defendants' five pleas was sustained, and upon the withdrawal of the defendants' first plea, a judgment by default for want of a plea and affidavit of defense, was entered, upon motion of the plaintiff, against the defendants. Whereupon damages were assessed by the

Court, and from a final judgment in favor of the plaintiff, the defendants have taken this appeal.

The real question in the case is whether the facts set out in the defendants' five pleas, constitute a legal bar or a good defense to the plaintiff's claim, and demand as specially set out in his declaration.

It is apparent, without stating the pleadings, in detail, that the plaintiff bases his right of recovery upon the covenant in the lease wherein the defendants agreed and promised, "at the expiration of this lease to pay to the party of the first part (the plaintiff here) the sum of seven hundred and fifty dollars in cash for the purpose of converting the room into a suitable store room."

The defenses relied upon to defeat the plaintiff's action are stated by the defendants' pleas.

The second, third, fourth and fifth pleas, assert, in substance, as stated by the appellee in his brief, that the plaintiff has not converted the premises leased into a suitable store room, that he has refused and still refuses to do so, that by making a new lease of the premises he has disabled himself from doing so, and that either by virtue of the language of the lease itself or by reason of an understanding or agreement made "at and before the execution of said deed" defendants are relieved from fulfilling their covenant because of such failure and refusal to so apply the money.

The sixth plea is on equitable grounds and in effect states, that the defendants are not liable under the lease because the lease did not represent the intention of the parties at the time of its execution.

The main question, then, on the appeal, is whether the defendants' pleas, as pleaded, constitute a good and valid defence to the plaintiff's right of action, under his declaration.

We think, the Court below was clearly right in sustaining the demurrers to each of these pleas and in holding that they did not afford a good defence to the plaintiff's claim, under the declaration.

The covenant as set out in the lease, is a clear, plain and definite promise to pay the plaintiff a certain sum of money for an expressed and admitted consideration and for a fixed purpose, at the expiration of the lease. The covenant of the lease, whereon the right of action is based, is as follows, "at the expiration of this lease to pay to the said party of the first part the sum of seven hundred and fifty dollars in cash for the purpose of converting the room into a suitable store room." ·

The declaration avers and the demurrer admits that under the provisions and covenants in the lease, the defendants entered upon the premises and held the same for a term of five years beginning on or about the first day of June, 1909, and ending on the thirty-first day of May, 1914, and that at the expiration of the lease the plaintiff had performed all the conditions and covenants of the lease, that were necessary to entitle him to recover the sum of money promised to be paid for the purposes set out in the lease.

The plaintiff, it will be seen, agreed under the lease, to build and construct the room, according to certain plans making such changes in the lobby, according to a sketch, submitted by the defendants, for the purpose of operating a moving picture show, vaudeville, or any theatrical purpose, for the term of five years from the first day of June, 1909, and the additional sum of $750 covenanted to be paid, was evidently for the purpose of securing the plaintiff against the expense of having to remodel the premises, and was reserved as a part of the rent, payable at the termination of the lease, and for the benefit of the lessor.

One of the provisions of the lease which is a part of the declaration is absolutely consistent with this construction. It is as follows: "It is further agreed and understood, that if the parties of the second part (the lessees) become embarrassed or make an assignment for the benefit of creditors, or should be declared bankrupt, or are sold out by sheriff's sale, then the rent for the balance of the term, including the above sum of seven hundred and fifty dollars ($750)

cash, to be paid at the expiration thereof, shall at once become due and payable, as if by the terms of the lease it were all payable in advance, and shall first be paid out of the proceeds of such assignment, bankruptcy or sale, any law, usage or custom to the contrary notwithstanding."

"The said parties of the second part shall have the privilege of sub-letting or transferring this lease, but such subletting or transfer shall not release them from any liability hereunder."

The defence sought to be set out by the defendants' second, fourth and fifth pleas to the effect, that the plaintiff had not converted the premises leased into a suitable store room and had refused so to do, did not furnish a sufficient answer to the plaintiff's claim under the covenant in the lease. The conversion of the premises at once into a suitable store room, was not a condition precedent to the payment of the money.

The defendants had surrendered the premises, the lease had expired, and they had no further interest or concern therein, and could not be injured by the failure of the plaintiff to appropriate the money to improving the premises. The demurrer to these pleas were properly sustained.

By the third plea a different and inconsistent parol agreement from the terms of the lease here in question and alleged to have been made, "at and before" the execution of the deed of lease, was sought to be set up.

As the meaning and terms of the written lease, under seal, in this case, are clear and explicit as to the payment of the money, under the covenant of the lease, the well settled rules of law, as to the admission of parol proof, to explain the agreement of the parties as to matters upon which a contract is obscure and silent has no application. *Pearl Hominy Co.* v. *Linthicum,* 112 Md. 32.

While the legal principles established by the cases cited and relied upon by the appellants are unquestioned and beyond dispute, they clearly do not apply to this case.

The demurrer to this plea was, therefore, properly overruled.

The sixth plea, upon equitable grounds, was not a good plea, and was no legal defence to the action.

It has been settled by repeated decisions of this Court, that the statute allowing equitable pleas, did not enlarge the jurisdiction of courts of law, so as to confer upon them the power of cancelling and reforming contracts. *Taylor* v. *State,* 73 Md. 208; *Conner* v. *Groh,* 90 Md. 684; *Whitaker* v. *McDaniel,* 113 Md. 388.

The covenant of the defendants under the lease in this case, was a clear and definite covenant to pay a certain sum of money at a certain time for a designated purpose, as stated in the lease, and the pleas do not present a legal defence to the plaintiff's action, under the declaration in the case.

In *Wright* v. *Irwin,* 33 Mich. 32, a case somewhat in point, the Court, said: Wright for an expressly admitted consideration promised to pay the company or bearer a certain sum of money in definite instalments at specified times and he promised nothing else. There is no contingency, no alternative, no uncertainty. The passage superadded goes to explain how the party absolutely entitled to receive the money was expected to employ it; that is all, and it served in no manner to impair the right to exact the money promised at the time set for payment, so as much money payable by the provisions of a promissory note."

And to the same effect are the following cases: *Beatty* v. *Western College,* 177 Ill. 280; *Treat* v. *Cooper,* 22 Maine, 203; *Clanin* v. *Easterly Harvesting Co.,* 118 Ind. 372; *Nokes* v. *Gibbon,* 3 Drewry, 681; 4 *Am. & Ency. of Law,* 89.

It follows from what we have said, in dealing with the rulings on the demurrer to the pleas, the Court committed no error in overruling the demurrer to the plaintiff's declaration.

For these reasons the judgment will be affirmed.

*Judgment affirmed, with costs.*