ELIZABETH MACHOVEC *v.* MAURICE G. SHIPLEY
ET AL.

[No. 59, October Term. 1936.]

*Decided January 13th, 1937.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Joseph A. Rogan, Charles P. McEvoy,* and *J. Francis Ford,* submitting on brief, for the appellant.

*James K. Cullen,* for the appellees.

SHEHAN, J., delivered the opinion of the Court.

Elizabeth Machovec, appellant, brought a suit in ejectment in the Superior Court of Baltimore City against Maurice G. Shipley and Lena K. Shipley, his wife, appellees, to recover a parcel of real estate known as 2534 Washington Boulevard in Baltimore City. The appellees were in possession of this property and refused to vacate or to deliver possession thereof. This appeal is from a

judgment in favor of the appellees. The case was tried in the above court before the presiding judge and without a jury. The facts in the case present but little controversy and are rather simple.

George H. Bein, Sr., father of Elizabeth Machovec, the appellant, had been the owner of the property in controversy, and on or about March 18th, 1935, conveyed the same to one Hirsch, who, on the same day, conveyed the property to George H. Bein, Sr., for and during the term of his natural life, with the remainder after his death unto Elizabeth Machovec, her heirs and assigns in fee simple.

At the time these conveyances were made the appellant and her husband were engaged in the operation of a lunch room and confectionery business on the property in question, and about the middle of April, 1935, negotiations were started between them and Maurice G. Shipley and Lena K. Shipley, the appellees, for the sale of said business, fixtures, and stock in trade, which was ultimately consummated on the 23rd day of April, 1935, at which time a bill of sale was executed by the appellant to the appellees for the consideration of $1,500, and included the said business and also "all the stock of goods, wares and merchandise located at and in said place of business and the fixtures therein * * * and the good will of said business."

At the time these negotiations were going on, it was clearly and definitely understood between the parties that the Shipleys would not purchase the business unless they could obtain a satisfactory lease of the premises at 2534 Washington Boulevard. The reason for this was obvious. The purchasers were buying the business and the good will therein, as well as the stock and fixtures. These intangible values were a part of the consideration for the purchase money agreed upon. The negotiations for the lease of the property were had, not only in the presence of Mr. Bein, the owner of the life interest in the property, but also in the presence of Elizabeth Machovec, and, in order to obtain a lease that would

certainly continue for a term of years it was necessary that the lease be binding upon the remainderman as well as the life tenant. It was agreed that the lease should be for the period of five years, with the right of renewal for three additional years. The Shipleys naturally were interested as to who held the title to the property. The deed placing the title in Mr. Bein for life and after his death in the appellant had been recorded; consequently the appellees had constructive notice of its contents and as to how the title was held, but had no actual notice as to this situation.

In order to consummate the lease of the real estate and the bill of sale for the personal property, the Shipleys, together with Joseph L. Carter, attorney for Mr. Bein and Mrs. Machovec, met at Mr. Bein's house and there the matter was discussed and arrangements were made for the purchase of the business, good will, fixtures, and stock and merchandise, and for a lease of the store premises at forty dollars per month for a period of five years, with the right or privilege of renewal for an additional term of three years. The conveyance of the real estate to Mr. Bein for life and to Mrs. Machovec in fee simple were of recent date, and Mrs. Machovec testified that this deed was signed at her house and she knew what it meant and knew that it was executed. This transaction occurred only one month and a few days prior to the lease, and prior to the bill of sale, so that Mrs. Machovec could not have been ignorant of the transaction, nor is it conceivable that she had forgotten the terms and conditions of the deed under which she took a beneficial interest or estate in the remainder. At that time the father was seventy-five years of age.

Mr. Shipley apparently had some concern as to the condition of the title, and the important facts in this case are that Mr. Shipley testified that he asked Mr. Bein whether any one else's name was on the property and that Mrs. Machovec "spoke up and said 'No.'" Mrs. Shipley's testimony is that Mr. Bein said, when asked who owned the property, "Myself and no one else," and

this was in the presence of Mrs. Machovec, to which statement she made no denial. The testimony of Mrs. Machovec, as to her part in the transaction, was not conclusive or definite enough to be convincing. The court below was satisfied that Mr. and Mrs. Shipley's version was correct, and this conclusion is supported by the admitted and undisputed facts and circumstances in the case, as well as by the silence of Mrs. Machovec when her father stated that the property belonged to him and no one else. The appellees were not only buying a stock of merchandise and fixtures, but they were buying a business and the good will thereof, and were obviously interested in obtaining a lease under which they could continue the business they were purchasing and realize on their investment. On the other hand, the appellant had a distinct interest in leasing the property to Mr. Shipley and his wife.

The testimony is that the Shipleys would not have been interested in making this purchase unless they had obtained a lease for a reasonable term, and Mrs. Machovec was informed of this and was interested in consummating the lease, and their respective interests support these conclusions.

When Mr. Shipley asked the question whether any one else's name was on the property, the inquiry was easy of understanding, and Mrs. Machovec certainly understood it when she answered in the negative, although she had the larger interest in the property and must have known it was essential that her consent to the lease be given in order to make it certain as to duration. The inquiry itself indicated that. The question of whether she should have spoken or legally could have remained silent need not be considered, because she adopted the course of declaring that no one's name except Mr. Bein's "was on the property," and having given this assurance, and being an interested party in the transaction, and knowing that the appellees were vitally interested in obtaining a satisfactory lease, which necessarily must have been a continuing lease for the term agreed upon, she must

be held bound by this assurance which she gave. Nevertheless, immediately after the death of her father, and after she acquired the full title to the real estate, she undertook to change the lease, and upon the refusal of the lessees to the increase in the rent she brought this ejectment suit to evict them. Under the circumstances we hold that she had no right to do this. Even if she may not have been held as a party to the lease, she so conducted herself, not by silence alone, but by active participation and statement in the consummation of the lease, as to estop her from evicting these people, who had purchased her personal property and leased the real property on the faith of the statements she had made, and her conduct in regard thereto.

The learned court sustained the demurrer to the equitable plea that was interposed in this case. We need not review the right of the court to do this, because equitable estoppel may be shown as a defense in law under a general issue plea. *Poe Pl. & Pr.* sec. 696; *Albert v. Freas,* 103 Md. 583, 591, 64 A. 282. This case was tried under an ordinary declaration in ejectment and a general issue plea, after the demurrer to the equitable plea had been sustained.

In a suit at law, equity will not interfere in the prosecution of such action if the grounds of the defense were equally available both at law and in equity. Therefore the court, in allowing evidence, under the general issue plea, of the facts and circumstances above recited, and by way of defense on equitable grounds under the general issue plea, did not commit error, and, assuming such evidence to be admissible, we hold that it was legally sufficient to estop the appellant from obtaining possession of the property, and sufficient to warrant the court in rendering a verdict in favor of the appellees, and it was the province of the court to determine the weight and the truth of such evidence.

We find nothing in the case of *Waters v. Wambach,* 140 Md. 253, 117 A. 751, to warrant any other conclu-

sion, although this case was urged upon the court as authority for so doing.

This court has held that where a party, claiming to have been influenced by the conduct of another, had convenient and available means of ascertaining the true state of the title, he cannot set up an estoppel in equity in his behalf (*Mountain Lake Park Assn. v. Shartzer*, 83 Md. 10, 34 A. 536) ; and that declarations, to create an estoppel, must be made by a party whose duty it is to know and state the truth, and must be relied upon by one who has no other means of information. *Hambleton v. Central Ohio Railroad Co.*, 44 Md. 551. And where the condition of the title is known to both parties, or both could have the same means of obtaining the truth, there can be no estoppel. *Sullens v. Finney*, 123 Md. 653, 91 A. 700. And it has been held that mere silence will not work an estoppel where it was not the duty or obligation of one to speak. 21 *Corpus Juris* 119; 10 *R. C. L.* 692.

But this case presents an entirely different aspect and situation, for here the appellant was an interested party, aiding in the consummation of the transaction upon which an important sale of property owned by her was dependent, and who knew the condition of the title of the property proposed to be leased; and when the question was asked intending to ascertain whether any one other than her father had an interest in the property, she answered in the negative, whereas she herself had the remainder therein after the death of her father, who was then seventy-five years of age. The law is well stated in the case of *Knouff v. Thompson*, 16 Pa. 357, 364, viz.: "The party who has placed his written title on record has given the notice which every person is bound to know and respect. The law does not require him to go further. But if he speaks or acts, it must be consistent with his recorded title. The law distinguishes between silence and encouragement. Whilst silence may be innocent and lawful, to encourage and mislead another into expenditures on a bad or doubtful title would be a positive fraud, that should bar and estop the party, the author of that en-

346

couragement and deception, from disturbing the title of the person whom he misled, by any claim of title in himself." And this has the support of decisions in a number of states. *Olden v. Hendrick,* 100 Md. 533, 13 S.W. 821; 21 *Corpus Juris,* 1131.

Nowhere do we find in Maryland that a person, who, in response to inquiry, gives information as to title, which is relied upon, may afterwards say that the title is of record and the information could have been disclosed by an examination of the land records, and be absolved from the results of the information given or be relieved from the responsibility thereof, where the person inquiring, as in this case, had no information and relied upon the statements so given, and the party giving the information had full knowledge of the situation, and either intentionally misled the party making the inquiry or totally disregarded his or her obligation to tell the truth about it. In equity and good conscience this should not and cannot be permitted.

From what we have said the judgment in this case must be affirmed.

*Judgment affirmed, with costs to be paid by the appellant.*